## Mills *versus* Wilson.

W., a resident of Kansas, wishing to secure a loan from M., a resident of Pennsylvania, executed in Kansas a bond· and mortgage which specified no rate of interest or place of payment, and mailed this to H., a broker, in Pennsylvania, who negotiated the loan and acted as the agent of both W. and M. H. delivered the bond and mortgage to M. and secured the money. M. subsequently obtained a judgment against W. in Pennsylvania on a scire facias, issued on the mortgage, which judgment included interest at the rate of seven per cent., the rate paid in Kansas. W. paid the judgment, but brought an action to recover the excess of interest over six per cent., the legal rate in Pennsylvania. *Held*, that this was a Pennsylvania contract and that W. was entitled to recover.

November 13th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1878, No. 245.

This was an amicable action of assumpsit by Levi Wilson against John Mills, in which the following case was stated for the opinion of the court: In July 1873, Wilson, who was a resident of Leavenworth, Kansas, negotiated a loan from Mills, who was a resident of Pennsylvania, through W. H. Hastings, a broker, in Pittsburgh, who acted as agent for both parties. The attorney of Mills, in Pittsburgh, prepared a bond and mortgage upon real estate belonging to Wilson, situate in the city of Pittsburgh, and these papers which specified no rate of interest or place of payment were sent to Wilson in Kansas. He executed them there and mailed them to Hastings, who, upon receipt of the money lent by Mills to Wilson, delivered them to Mills. In 1876, Mills obtained a judgment against Wilson upon a scire facias issued on· said mortgage after a return of two nihils. In liquidating the amount, interest was calculated at the rate of seven per cent., which rate Mills claimed to be correct, as that was the legal rate in Kansas. Wilson contended that only six per cent., the rate allowed in Pennsylvania, should be computed, but he paid the full amount of the

[Mills *v.* Wilson.]

judgment as liquidated, and brought this action to recover back the excess of interest paid over six per cent., to wit, $85.60. The court entered judgment for the plaintiff on the case stated, and defendant took this writ and assigned this action for error.

*T. H. Baird Patterson,* for plaintiff in error.—Kansas was the *locus* of the contract, for the bond and mortgage were executed there, at the residence of the obligee, and the payment by the agent in this state is not legally competent to change the *locus* thus shown by the papers themselves: Potter *v.* Tallman, 35 Barb. 182; Findlay *v.* Hall, 12 Ohio 610. The negotiation was made here, but the transaction was closed in Kansas. The instant Wilson mailed the executed papers in Kansas the contract was closed and subject to Kansas law: Parsons on Contracts, 5th ed., 582; Jones on Mortgages 502, 508; Addison on Contracts 361; Lennig *v.* Ralston, 11 Harris 138.

*Thomas C. Lazear,* for defendant in error.—The contract, both in the making and the performance, was a Pennsylvania contract. The mortgage was of no effect until delivery. The receipt of the money and the delivery of the mortgage were contemporaneous acts by the agent of both parties and acting in Pennsylvania. The place of payment would of necessity be where the mortgage could be enforced. Only the Pennsylvania rate of interest should have been computed: Story on Conflict of Laws, sects. 291, 292; Archer *v.* Dunn, 2 W. & S. 327; Wood *v.* Kelso, 3 Casey 241; Schell *v.* Stetson, 34 Leg. Int. 114.

The judgment of the Supreme Court was entered November 25th 1878,

PER CURIAM.—This is clearly the case of a Pennsylvania contract. The agreement for the loan was made here, and the place of payment was here, where the creditor resided. Though the bond and mortgage were sent to Kansas to be executed, they were inchoate until delivery and payment of the money here, acts necessarily simultaneous. Hastings, though the agent of both parties in effecting the loan, was the agent of Wilson in delivering the bond and mortgage and receiving the money.

We think the court was right in giving judgment for the interest at the rate allowed in Pennsylvania, and not at the Kansas rate.

Judgment affirmed.