ISABELLA SEIGMAN, EXECUTRIX, v. JOHN J. STREETER.

Submitted July 14, 1899—Decided November 13, 1899.

1. A bond and warrant of attorney, given by a husband and wife jointly, to secure the payment of a debt of the husband, is void as to the wife, and judgment thereon should be entered up against the husband alone.

2. The act of March 23d, 1881, which requires that a party who holds a bond, the payment of which is secured by a mortgage, shall foreclose the latter instrument before bringing suit upon the former, has no application where the existence of the mortgage has been terminated before the institution of the suit upon the bond.

On rule to show cause.

Before Justices DEPUE, GUMMERE and LUDLOW.

For the rule, *William W. Benthall* and *N. Henry Stevens.*

*Contra, Louis H. Miller.*

The opinion of the court was delivered by

GUMMERE, J. A judgment was entered in this case by the plaintiff against the defendant on a bond and warrant of attorney made by the defendant and his wife to the plaintiff's testator.

On an allegation that the judgment was improvidently entered this rule was allowed, and we are urged for various reasons, which will be considered in their order, to make the rule absolute. The first ground upon which the judgment is attacked is that the bond upon which it was entered is void,

because it is without date. This objection is too frivolous to require consideration. Ever since the decision in *Goddard's Case*, 2 *Coke* 4 *b*, it has not been seriously questioned that the absence of a date from a sealed instrument does not in anywise invalidate it, but that the instrument takes effect from the date of its delivery.

The second ground upon which we are asked to set this judgment aside is that, by the terms of the bond, only so much of the real estate of the obligor as was embraced in a certain mortgage which accompanied, and was given to secure the payment of the bond, was liable for the debt. No good reason is shown why this provision in the bond makes the judgment voidable, and a moment's consideration will show that it cannot have this effect; for, if it does, then the holders of the bond would be forever prevented from enforcing its payment by suit. The only effect which this provision can possibly have is to limit the scope of the execution which may be issued upon the judgment. How far it may have this effect is a question not involved in the matter now before us.

The third reason advanced by the defendant for setting aside the judgment against him is that the bond sued upon is a joint instrument; that the makers thereof are joint obligors, and that a suit against one of two obligors, jointly bound, cannot be maintained. That this is the ordinary rule with relation to such instruments will not be denied; but we think it has no application to the present case. The facts shown by the testimony taken on this rule disclose that the bond in question was given for the purpose of securing a debt due by the defendant, John J. Streeter, and his partner in business, to the plaintiff's testator. The defendant's wife, Isabella Streeter, joined in the bond as an accommodation maker. As at common law a married woman could make no contract legally enforceable, her bond was altogether void. *Vliet* v. *Eastburn*, 34 *Vroom* 458. The provision of our Married Women's act, which allows her to bind herself by contract, declares that nothing in that statute shall enable such married woman to become an accommodation endorser, guarantor, or

surety for any other person. *Gen. Stat.; p.* 2017, § 26. This bond, therefore, so far as the defendant's wife was concerned, was a nullity, for although in form she was a joint maker, in reality she was simply a surety; legally it was the sole and separate obligation of the husband. If judgment had been entered against her jointly with her husband, as to her it would have been set aside. *Vandeventer* v. *Vandeventer,* 17 *Vroom* 460. Being in law the sole obligation of the defendant, the judgment was properly entered against him alone.

The last ground upon which we are requested to set this judgment aside, is because, the bond being secured by a mortgage, the plaintiff should have first foreclosed that instrument before pursuing her remedy on the bond. *Hellyer* v. *Baldwin,* 24 *Vroom* 141, is cited in support of this contention. The case cited was that of a judgment, entered upon a bond and warrant of attorney, which was set aside because, the payment of the bond having been secured by a mortgage, the statute of March 23d, 1881 (*Gen. Stat., p.* 2112), required the foreclosure of the latter instrument as a condition precedent to the right to enter judgment on the bond. But we think that this decision, and the statute upon which it is based, have no relevancy to the case under consideration. It appears from the proofs before us that the mortgaged premises, subsequent to their pledge for the payment of the plaintiff's debt, were partitioned among the owners thereof by proceedings had in the Court of Chancery for that purpose, and that Streeter, the then holder of the bond and mortgage, was made a party to those proceedings, and the premises sold free and clear from the lien of his mortgage. The effect of those proceedings was to wipe out the mortgage, and leave the payment of the bond unsecured by that collateral. Consequently our statute requiring the holder of a bond and mortgage to first exhaust his remedy on the mortgage, before proceeding upon the bond, had no application at the time the judgment in this case was entered.

The rule to show cause will be dismissed, with costs to the plaintiff.