[Sac. No. 706.   Department Two.—February 25, 1901.]

## RECLAMATION DISTRICT NO. 536, Appellant, v. J. W. HALL, Respondent.

RECLAMATION DISTRICT—ASSESSMENT—DELINQUENT INSTALLMENT—MATURITY OF ASSESSMENT—CONSTRUCTION OF CODE—WAIVER.—The provision of section 3466 of the Political Code, that if an installment of an assessment upon property in a reclamation district remains unpaid twenty days after it becomes due, the whole of the assessment "shall become due and payable at once, and may, in the discretion of the board, be collected immediately, in one and the same action," is for the benefit of the reclamation district, and to insure prompt payment of installments as called for by the board, and may be waived by it.

ID.—PAYMENT OF DELINQUENT INSTALLMENT—STATUTE OF LIMITATIONS—ESTOPPEL OF PAYOR.—If an installment of an assessment which has been delinquent for more than twenty days is paid without suit, the reclamation district thereby waives its right of action upon the entire assessment, and the party making the payment cannot take advantage of the indulgence given him, by insisting that the statute of limitations began and continued to run upon the residue of the installments of the assessment from the expiration of such period of twenty days.

ID.—ACTION TO FORECLOSE LIEN UPON SUBSEQUENT DELINQUENCY—ERROR AS TO STATUTE OF LIMITATIONS.—In an action to foreclose the lien of the entire assessment, upon a subsequent delinquency in payment of another installment, which is not barred as to such subsequent delinquency, it is error to hold that the action is barred by reason of the prior delinquency which was waived by payment of the delinquent installment; and the lien of the assessment must be enforced by sale.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Devlin & Devlin, for Appellant.

The provision inflicting the penalty of delinquency of the entire assessment for delinquency in one installment is for the benefit of the party having the election to sue, and may be waived by him.   (*Belloc v. Davis*, 38 Cal. 242; *Mason v. Luce*, 116 Cal. 232; *Richards v. Daley*, 116 Cal. 336.)   When a for-

feiture is waived by the party for whose benefit it is intended, the delinquent party cannot escape his contract. (*Clark v. Jones*, 1 Denio, 516[1]; *Ludlow v. New York & H. R. R. Co.*, 12 Barb. 445; *Walcot v. Schenk*, 16 How. Pr. 453.)   A forfeiture is waived by the subsequent acceptance of payment. (*Conkling v. King*, 10 Barb. 372, 376.)   Section 3466 of the Political Code provides for suit at the discretion of the board, and is not intended to be mandatory. (Endlich on Interpretation of Statutes, secs. 312, 316, 436, 437; Sedgwick on Statutory and Constitutional Law, 368; *People v. Supervisors*, 34 N. Y. 271; *West Wisconsin Ry. Co. v. Foley*, 94 U. S. 103; *Cairo etc. R. Co. v. Hecht*, 95 U. S. 168; *Derby v. City of Modesto*, 104 Cal. 515.)

A. L. Shinn, Amicus Curiae, on Behalf of Appellant.

In *Mason v. Luce*, 116 Cal. 232, affirming *Belloc v. Davis*, 38 Cal. 242, the court cites and approves the following cases, showing that a penalty of maturity of an obligation may be waived: *Watts v. Creighton*, 85 Iowa, 154; *Moline Plow Co. v. Webb*, 141 U. S. 616; *Richardson v. Warner*, 28 Fed. Rep. 343.   Section 3466 of the Political Code gives a discretion to the board of the district, and being intended for its benefit, may be waived by it. (Civ. Code, sec. 3513.)   The assessment not being a tax, there is no public reason why delinquency therein should not be waived by the district to be benefited. (*Taylor v. Palmer*, 31 Cal. 240; *Holley v. County of Orange*, 106 Cal. 420; *San Diego v. Linda Vista Irr. Dist.*, 108 Cal. 189.)   In all cases, penalties or forfeitures for breach of an obligation to pay money are waived by the acceptance of a defaulted payment. (*Mason v. Luce, supra.*)

John M. Gregory, and W. A. Gett, for Respondent.

The statute of limitations began to run by the terms of section 3466 of the Political Code, construed with section 338 of the Code of Civil Procedure, by reason of the delinquency for twenty days (*People v. Hulbert*, 71 Cal. 72); and having begun to run, it continued to do so, notwithstanding any subsequent disability of the plaintiff in the action. (*Tynan v. Walker*, 35 Cal. 634; *Hibernia Sav. etc. Soc. v. Conlin*, 67 Cal. 178; *McLeran*

---

[1] 43 Am. Dec. 706, and note.

v. *Benton*, 73 Cal. 329.[2]) The words "shall be due and payable at once" mean just what they say. "Courts can neither make or amend a statute but must enforce it as enacted." (*Mills v. La Verne Land Co.*, 97 Cal. 254.[3]) The word "shall" is imperative and mandatory. (*Washington v. Page*, 4 Cal. 388; *Pierpont v. Crouch*, 10 Cal. 315; *People v. San Luis Obispo Co.*, 50 Cal. 561.)

THE COURT.—The defendant was, at all times named in the complaint, the owner of lands in Reclamation District No. 536. The assessment list, properly made and certified, was filed with the county treasurer of the county of Solano on December 4, 1891, where it remained for more than thirty days, and the assessments not having been paid, the treasurer of said county returned the same on the eleventh day of January, 1892, to the board of trustees of the plaintiff. The trustees, at various times, made calls for installments on the various assessments so made. The defendant paid the first nine calls or installments, but paid only a portion of the tenth and has wholly refused to pay the eleventh. More than twenty days elapsed after the eleventh call before the commencement of this action. The eleventh call was made July 1, 1896. On October 12, 1897, the board of trustees of plaintiff made an order that by reason of the failure of the defendant to pay such calls or installments the whole amount of his said assessment should be due and payable at once and that an action be commenced for the same. This action was commenced in pursuance of said order to collect the balance due by defendant on his whole assessment and to have the same declared a lien upon the real estate owned by him upon which the said assessment was levied. The case was tried before the court; findings filed upon which judgment was ordered and entered ·in favor of defendant. Plaintiff has appealed from the judgment upon the judgment-roll.

The question here is as to whether or not the judgment is the legal conclusion from the facts found. The court found: "That on January 21, 1893, the said board of trustees, by an order duly entered on the minutes of said board, determined to

call in an installment of six and one-fourth per cent of the whole of said assessment, to wit, five hundred and sixty-six dollars and twenty-six cents; that owing to the said third installment not having been paid within twenty days from the date of said call, to wit, on or before February 11, 1893 (but was paid March 2, 1893), a cause of action for the collection of the same and for the whole of said assessment remaining unpaid against the land of said defendant J. W. Hall, to wit, seventy-five per cent thereof, accrued, and as the complaint in this case was not filed within three years of time reckoned from February 11, 1893, the cause of action stated in the complaint is barred by the provisions of subdivision 1 of section 338 of the Code of Civil Procedure of the state of California."

The call of January 21, 1893, remained unpaid for some twenty days after the time named in the call, and the court below proceeded upon the theory that a cause of action accrued thereupon for the whole assessment, and as the suit was not brought within three years after February 11, 1893, it was barred by the provisions of section 338 of the Code of Civil Procedure. In this the court erred. The amount of the call of January 21, 1893, was paid March 2, 1893, and accepted by the plaintiff. Thereafter calls were made for installments August, 1893, November, 1893, January, 1894, September, 1894, April 1895. These were the fourth, fifth, sixth, seventh, eighth, and ninth installments. They were all paid by defendant and accepted by plaintiff. It is provided in section 3466 of the Political Code as follows: "At the end of thirty days, the treasurer must return the list to the board of trustees of the district, and all unpaid assessments shall bear legal interest from the date of the return of the list to said board, and shall thereafter be collected and paid in separate installments, of such amounts and at such times, respectively, as the board, from time to time, in its discretion, may, by order entered in its minutes, direct; and a cause of action for the collection of any such installment shall accrue at the expiration of twenty days from the date of the order directing its payment; provided, that if any such installment shall remain unpaid at the expiration of said twenty days, then the whole of the assessment against the land owned by the person failing to pay such installment shall be-

come due and payable at once, and may, in the discretion of the board, be collected immediately, in one and the same action."

Under the provision of the said section quoted the installment called for by the order of January 21, 1893, not having been paid within twenty days thereafter the board of trustees could have regarded the whole amount of defendant's assessment as due and payable, and could, at any time after the expiration of said twenty days and before accepting payment thereof, have commenced an action therefor. But by accepting the amount of said installment March 2, 1893, the plaintiff waived its right to consider the whole amount due. If, after March 2, 1893, and before making another call or order for payment, plaintiff had brought an action for the whole amount of the assessment it could not have maintained it. It could not receive the payment and, at the same time, claim the benefit or advantage it might gain by the failure to pay. The provision was inserted for the benefit of reclamation districts and to insure prompt payment of installments as called for by the board. If the district in such case desires to take advantage of the pro-. vision, it must do so before it has received the money from the party in default. It will not be allowed to take the money and at the same time take the benefit or advantage arising from the money not being paid. It is too elementary to need citation of authorities that a provision in a promissory note that the whole amount of principal shall become due upon default of interest is waived by the payee afterward accepting the interest. So a provision in a lease that it shall be void if the rent is not promptly paid when due is waived by the acceptance of the rent by the lessor after default. The same principle applies here. The defendant was indebted to the plaintiff for the entire assessment, payable in installments, as ordered by plaintiff's trustees. The statute formed part of the contract and is to be read into it. The whole amount by the assessment became due plaintiff upon default in the payment of the third installment. It afterward accepted the payment. Defendant was by the indulgence of plaintiff allowed to make the payment after default. He cannot now claim advantage by reason of the indulgence shown him.

The judgment is reversed and the court directed to enter

judgment for plaintiff upon the findings for the amount due as prayed for, and declaring the same a lien upon the premises of defendant, and directing a sale thereof to satisfy the claim of plaintiff.