# Tabor Manufacturing Company *v.* Lovell, Appellant.

*Practice, C. P.—Affidavit of defense—Promissory note—Guaranty.*

In an action upon a promissory note given in pursuance of a contract of guaranty, an affidavit of defense setting forth a complicated state of facts, and various written and oral contracts, was held, under the circumstances stated, sufficiently to allege satisfaction in part of the note sued upon.

Argued Oct. T., 1906. Appeal, No. 160, Oct. T., 1906, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1906, No. 3,480, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Tabor Manufacturing Company v. Clifford S. Lovell. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*Edward Austin Waters*, for appellant.

*M. Hampton Todd*, for appellee.

OPINION BY PORTER, J., November 19, 1906:

The plaintiff's statement alleged an indebtedness of the defendant upon a promissory note dated October 2, 1905, for $962.01, and that the defendant was entitled to credit on said note for certain amounts specified, which aggregated $430.43, but did not state how the several payments had been made. The last item of credit, allowed defendant in the statement, was $377.37, which was admitted to have been paid on December 5, 1905.

The affidavit of defense admitted the making of the note and

that the credits allowed thereon in the statement were correct as far as they went, but averred that defendant was entitled to an additional credit of $515.95, of the date February 23, 1906. The only question is whether the affidavit of defense states facts which, if true, would entitle the defendant to this additional credit. The affidavit of defense and the various contracts attached thereto as exhibits sufficiently aver that the indebtedness for which the note was given arose upon a contract of guaranty, dated January 31, 1905, under which the defendant guaranteed to pay one-half of any portion of the account of W. H. Storm & Co., for certain castings sold by the plaintiff to said W. H. Storm & Co., at the price of $2,000, which remained unpaid at the expiration of ninety days from the date of invoice, the defendant being entitled, under the terms of the contract of guaranty, after he had paid any portion of said account, to be repaid from current payments made by Storm & Co., in the proportion which the amount paid by him bore to the whole account. The ninety days from the date of invoice expired on July 17, 1905. Storm & Co. became involved and the machinery which the plaintiff had sold to them was by them delivered in mortgage to the Mechanics' Iron Foundry Company, of Boston. Storm & Co. were also indebted to George R. Allen, who had brought suit and summoned the Mechanics' Iron Foundry Company as trustee. The plaintiff company, the Mechanics' Iron Foundry Company, and George R. Allen, on July 27, 1905, entered into a written agreement, to which this defendant and Walter H. Storm & Co., assented in writing, under the provisions of which it was agreed that all the security held under the mortgage to the Mechanics' Iron Foundry Company, and under the attachments made or to be made by George R. Allen, or the Tabor Manufacturing Company, should be held for the benefit of all three of said parties, in proportion to the amount of their claims ; and the Mechanics' Iron Foundry Company, agreed to operate the plant and pay a certain proportion of the profits to George R. Allen, and a certain proportion to the Tabor Manufacturing Company, in liquidation of their respective claims against Storm & Co., and the plant was subsequently operated under this arrangement. When, on October 2, 1905, the defendant gave his note to the plaintiff company it was for the

amount of the one-half of the indebtedness of Storm & Co. which he had guaranteed and which then remained unpaid; there was at the same time an oral agreement entered into between the parties, which was on October 19, 1905, reduced to writing and duly executed by the parties. Under this written agreement between the plaintiff company and the defendant, the former covenanted to credit and indorse upon the note in suit one-half of any and all amounts which it received from the Mechanics' Iron Foundry Company, under the provisions of the agreement of July 27, 1905, and, also, that it would "with like effect indorse on the back of said note, one-half the amount of any other, and all other payments whether principal or interest, which had been or which shall be received on account of the aforesaid debt . . . . the face value of the note to be reduced by the amount of the payments, as of the date when they had been or shall be made." The credits allowed in plaintiff's statement were for payments made, in liquidation of the claim of the plaintiff against Storm & Co., by the Mechanics' Iron Foundry Company, under the provisions of the agreement of July 27, 1905. The plaintiff company, George R. Allen, and the Mechanics' Iron Foundry Company, on December 5, 1905, entered into a new written contract under the provisions of which it was agreed that the property of Storm & Co. should be sold upon the mortgage held by the Mechanics Iron Foundry Company for the use of all the contracting parties, and that the Mechanics' Iron Foundry Company should bid at the foreclosure sale of said property, the price to be left at the discretion of said foundry company; and in case the foundry company purchased the property it would continue to operate the plant and after deducting, as the cost of manufacture, certain specified rates per pound for castings from the money actually received from time to time upon the sale of said castings, the Mechanics' Iron Foundry Company would pay an amount equal to one-third of the balance to the said George R. Allen, and an amount equal to one-third the balance to the Tabor Manufacturing Company, in liquidation of the indebtedness now due from the said Storm & Co., and in settlement of the interest of George R. Allen, and the said Tabor Manufacturing Company, in the property covered by said mortgage, until the said George R. Allen, and the said Tabor Man-

ufacturing Company shall be paid in full, at which time all rights of George R. Allen and the Tabor Manufacturing Company in the property covered by the said mortgage should cease. The Mechanics' Iron Foundry Company became the purchaser of the property at the foreclosure sale, in accordance with the terms of the agreement of December 5, 1905. The plaintiff company, on February 19, 1906, entered into an agreement, partly written and partly verbal, under the terms of which it released and conveyed to the Mechanics' Iron Foundry Company all the interest in the property which the latter company had purchased as the property of Storm & Co. at the foreclosure sale, and released the foundry company from all further liability and accountability under the contracts of July 27, 1905, and December 5, 1905, and as the consideration for said release the foundry company agreed to pay and, on February 23, 1906, did pay to the plaintiff company in cash the sum of $1,031.91.

These allegations of the affidavit of defense must, for the purposes of this case, be assumed to be true, and being so it is clear that the interest which the plaintiff company had in the property which it released to the foundry company was the right to have paid out of that property the amount of the claim which the plaintiff company held against Storm & Co. The only right or interest which the plaintiff company had in that property was founded in the indebtedness of Storm & Co.; any amounts which it might have become entitled to receive from the use of that property was to be applied to the liquidation of the indebtedness of Storm & Co., and the consideration which it received for the cancellation of that right must be applied in the same manner. As between the plaintiff company and the defendant the $1,031.91 which the former received from the Mechanics' Iron Foundry Company as the consideration for the release of its interest in and claim upon the property held by the foundry company was, under the provisions of the agreement of October 19, 1905, a payment upon the debt upon which the liability of the defendant, as a guarantor, was originally founded, and the defendant was entitled to have one-half of the amount so paid credited upon the note in suit.

The learned counsel for the appellee states in his brief that the credit of $377.37 allowed upon the note in the plaintiff's statement was the one-half of the plaintiff's share of the

proceeds of the property at the foreclosure sale, but that fact does not appear from a careful examination of the statement and the affidavit of defense.   It may be that the defendant is not entitled to both the credit allowed in the statement and the credit for one-half of the $1,031.91 subsequently received by the plaintiff from the foundry company, but upon the case as now presented he is clearly entitled to credit for the item last mentioned.   Whether he is entitled to credit for both items can be determined at the trial.

The judgment is reversed and a procedendo awarded.