## Tabor Manufacturing Company, Appellant, *v.* Lovell.

*Contract—Agreement among creditors—Chattel mortgage.*

One of three creditors held a chattel mortgage under the laws of Massachusetts on a machine belonging to the debtor. The three creditors entered into an agreement by which the mortgagee was to foreclose the mortgage and divide the proceeds among the three creditors. Subsequently and immediately before the foreclosure sale the three creditors entered into another agreement by which it was provided that if the mortgagee bought in the property, it should operate the same and divide the net profits equally with the others until the other two creditors were paid in full. The property was bought in by the mortgagee at a price stated, but no part of the purchase price was paid by the mortgagee to the other two creditors. Subsequently the mortgagee resold the property and divided the amount received equally with the other two creditors. One of these creditors whose account had been guaranteed, had taken a note from the guarantor and had agreed to credit against the note one-half of the moneys which should be received by such creditor from the sale of the property. *Held,* that the guarantor was entitled to credit only on one-half of the amount received from the resale, and was not entitled to an additional credit of one-half of one-third of the purchase price at the foreclosure sale.

Argued Oct. 13, 1908. Appeal, No. 151, Oct. T., 1908, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T.,

1906, No. 3,480, on verdict for plaintiff in case of Tabor Manufacturing Company v. Clifford S. Lovell. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Judgment modified.

Assumpsit on a promissory note for $960.01. Before CARR, P. J.

Indorsed upon the note in suit was the following:

| | | |
|---|---:|---:|
| Amount of note, 10.02.05 | | $962.01 |
| Interest from 10.02.05 to 12.05.05 | | 10.12 |
| | | $972.13 |
| Less payments on account as follows: | | |
| 10.05.05 | 2.16 | |
| 10.30.05 | 2.83 | |
| 11.14.05 | 13.96 | |
| 12.05.05 | 34.04 | |
| | 52.99 | |
| Interest to 12.05.05 | .07 | |
| | | 53.06 |
| | | 919.07 |
| By ½ sum realized from sale | | 377.37 |
| | | 541.70 |
| To interest from 12.05.05 to 1.02.06 | | 2.50 |
| Balance due 1.02.06 | | 544.20 |

Other facts appear by the opinion of the Superior Court.

On a rule for judgment non obstante veredicto the court entered the following judgment:

And now, to wit, April 28, 1908, the court being of opinion that the defendant is entitled to a credit upon the note in suit for the sum of $515.95, received by the plaintiff from the Mechanics' Foundry Company, February 19, 1906, in pursuance of the agreement of the parties made at the trial, judgment is entered in favor of the plaintiff for the difference between the amount of the verdict, and the said credit, with interest on said note adjusted to this date, to wit: for $36.50.

*Error assigned* was the judgment of the court.

*M. Hampton Todd*, for appellant.

*Edward Austin Waters*, for appellee.

OPINION BY PORTER, J., December 00, 1908:

The plaintiff brought this action upon a promissory note and under an agreement of the parties at the trial the jury rendered a verdict in favor of the plaintiff for $617.54, the question being reserved, "Whether or not under the evidence in this cause the defendant is entitled to be credited on the note in suit with the whole or any part of the sum of $515.95, being the one-half of the amount received by the plaintiff from the Mechanics Iron Foundry Company under a release dated February 19th, 1906, with leave to the court to make the proper credit, if any, and enter judgment accordingly." The learned judge of the court below held that the defendant was entitled to credit for the said sum of $515.95 and accordingly entered judgment in favor of the plaintiff in the sum of $36.50; from which judgment the plaintiff appeals.

The complicated facts and numerous written contracts out of which the question here presented arises are stated at length in the opinion of this court in Tabor Manufacturing Co. v. Lovell, 32 Pa. Superior Ct. 177, a former appeal in this same proceeding, and it is not necessary that they should be here repeated. We there held that under the agreements which were set forth in the affidavit of defense the defendant was entitled to have credit upon this note for one-half of the $1,031.91 which the Mechanics' Iron Foundry Company had, on February 19, 1906, paid to the plaintiff, and said, that, whether the plaintiff was entitled to credit for one-half of this entire amount and also for the sum of $377.37 for which the plaintiff had already been allowed a credit was a matter which must be determined at the trial. All of the facts which the defendant had set forth in his affidavit of defense were established by uncontradicted testimony at the trial, or formally admitted by the plaintiff to be true, and no good

reason has been presented for departing from the conclusion at which we arrived in the former appeal; that the sum of $1,031.91 paid by the Mechanics Iron Foundry Company to the plaintiff was in effect, so far as this defendant was concerned, a payment upon the indebtedness of Storm & Company to the plaintiff, and the defendant was entitled to have one-half that amount credited upon the note in suit. Whether he was also entitled to have the credit of $377.37 is under the evidence an entirely different question.

Under the covenants of the agreement, dated July 27, 1905, between the Mechanics Iron Foundry Company, George R. Allen, and the Tabor Manufacturing Company, the parties agreed to pool their issues in the endeavor to collect their several claims against Storm & Company, and one of the provisions of that agreement was that in case the Mechanics Iron Foundry Company foreclosed a mortgage which it held upon certain machinery owned by Storm & Company it would divide the proceeds, after deducting expenses, between the several parties in proportion to the balance then remaining of their several demands. This did not operate as an assignment of the mortgage, the foundry company simply became obliged to account for the proceeds of the sale under the mortgage. This agreement was approved of in writing by this defendant and Storm & Company. The parties to the agreement subsequently concluded that it was advisable for their protection that the mortgage should be foreclosed. The mortgage was upon machinery which was located on the premises of, and in the possession of, the Mechanics Iron Foundry Company, in Boston, Massachusetts, and was duly recorded. The mortgage contained a provision that the mortgagee, upon any default, might sell the property after giving ten days' notice; "And out of the money arising from such sale the grantee or his representatives shall be entitled to retain all sums then secured by this mortgage, whether then or thereafter payable, . . . . or to discharge any claims or liens of third persons affecting the same." Notice having been given the property was sold under this mortgage on December 5, 1905, and was bought in by the Mechanics Iron

Foundry Company for $2,750.00. The expense of the sale under the mortgage was $105.51, leaving the net proceeds $2,644.49. The same day that the sale was made, but prior thereto, an agreement was entered into between this plaintiff, George R. Allen and the Mechanics Iron Foundry Company, under the provisions of which it was agreed that if at the sale under the mortgage the property was sold to the Mechanics Iron Foundry Company the foundry company would continue to operate the plant and after deducting, as the cost of manufacture, certain specified rates per pound for castings from the money actually received from time to time upon the sale of said castings, the Mechanics Iron Foundry Company would pay an amount equal to one-third of the balance to the said Allen and an amount equal to one-third of the balance to the Tabor Manufacturing Company, "in liquidation of the indebtedness now due from the said Storm & Company, and in settlement of the interest of said George R. Allen, and the said Tabor Manufacturing Company, in the property covered by said mortgage, until the said George R. Allen and the said Tabor Manufacturing Company shall have been paid in full, at which time all rights of the said George R. Allen and the said Tabor Manufacturing Company to the property covered by the said mortgage and agreement of July 27, 1905, and under this agreement, shall cease." The purchase of the property at the sale, by the Mechanics Iron Foundry Company, was made in pursuance of this agreement. Had it not been for the agreement of December 5, 1905, the foundry company would have been required, under the provisions of the agreement of July 27, 1905, to account to the plaintiff company and to Allen for their proportions of the net proceeds of the sale, namely $2,644.49; of which the Tabor Manufacturing Company would have been entitled to receive $782.16. The agreement of December 5, 1905, modified the contract of July 27th, of the same year, and relieved the foundry company from accounting and paying to the other parties in this manner. The agreement of December 5, and the sale in pursuance thereof, changed the right of the plaintiff company from that of calling upon the foundry company

to account for the proceeds of the sale of the machinery to
that of being entitled to receive one-third of the excess of the
amount of the sales of the castings, resulting from the future
operation of the factory, over the cost of manufacturing those
castings at a fixed price.  The effect of this was that at the
time of the sale the plaintiff company was not a mortgagee,
nor was it a purchaser at the sale; the amount for which the
property sold at the sale was totally immaterial to this plain-
tiff.  The Mechanics Iron Foundry Company was not obliged
to pay to the Tabor Manufacturing Company, as its share of
the proceeds of the sale, the sum of $782.16; nor is there any
evidence in this case which would justify a finding that it did
actually make such payment.  True it is that the plaintiff
company subsequently gave credit to the defendant for $377.37,
which sum was said to be the one-half of the amount of the
share of the plaintiff in the fund resulting from the sale, the
slight discrepancy in the amount is probably to be accounted
for by some expense not referred to in the testimony.  But
this was done upon the theory of the plaintiff that, because
the interest of Storm & Company, the mortgagors, was divested
by the sale, the right of the defendant to have credited upon
this note any part of the money which the plaintiff subse-
quently received under the various agreements with regard
to the property, ceased.  The plaintiff contended that the de-
fendant was entitled to credit for one-half of the share of the
plaintiff in the fund resulting from the sale under the mort-
gage, if that fund had been distributed under the agreement
of July 27, 1905, but that the defendant was not entitled to
credit for one-half of any amount which the plaintiff received
under the provisions of the contract of December 5, 1905.
The plaintiff upon this theory conceded that the defendant
was entitled to credit for $377.37, and for that amount the
defendant did receive credit in the verdict which was rendered
by the jury.

We are of opinion that the defendant was entitled to credit
for one-half of all that the plaintiff received under the several
agreements down to the final release of February 19, 1906.
There is no dispute under the evidence as to the amounts

which were received down to December 5, 1905. The defendant proved that the plaintiff had received $1,031.91, on February 19, 1906, the one-half of which is $515.95. The defendant did not prove that the Mechanics Iron Foundry Company had actually paid to the plaintiff company the sum of $782.16, as its share of the proceeds of the sale under the mortgage. The only sum, therefore, received by the plaintiff under the provisions of the contract of December 5, 1905, for one-half of which the defendant was entitled to credit, was the item of $1,031.91. The defendant's evidence entitled him to credit for the entire sum of $515.95. The plaintiff contended that the defendant was only entitled to credit for $377.37, out of the funds received after the sale, and for the amount thus conceded the defendant has credit in the verdict. It follows that instead of reducing the verdict by $515.95, with interest from February 19, 1906, the court should have reduced the verdict by the amount of $138.58 with interest from said date. The verdict was rendered on April 8, 1908. The amount of the additional credit to which the defendant was entitled, with interest to April 8, 1908, is $156.36, which deducted from the amount of the verdict leaves $461.18.

The judgment is modified and judgment is now entered in favor of the plaintiff and against the defendant for $461.18, with interest from April 8, 1908, and costs.