## MODERN SECURITY COMPANY OF PHILADELPHIA, PLAINTIFF, v. JAMES E. FLEMING AND AMANDA E. FLEMING, DEFENDANTS.

Argued May term, 1928—Decided July 10, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the plaintiff, *Isadore H. Hermann* (*D. Trueman Stackhouse,* of counsel).

For the defendants, *S. Paul Ridgway.*

PER CURIAM.

The defendants submitted an application, accompanied with a bond and warrant of attorney to confess judgment, under date of May 26th, 1927, to the Modern Home Rebuilders of Philadelphia for the installation, by the latter, of a

heating system in the defendants' home at a cost of $2,489. The contract provided for payments as follows:

"Upon the commencement of the work first payment Aug. 15, 1927 $ Nothing. Balance due in advance at once, but for convenience of applicant in equal monthly installments of $53.70 or more due and payable on the 15th of each month thereafter."

The contract also bore the notation, "No payment to be made by August 15th, 1927, unless job is complete."

The defendants' offer was accepted by the Modern Home Rebuilders on June 3d, and on the same day the bond and warrant of attorney was assigned to the Modern Security Company, which entered a judgment thereon for the full amount on June 25th, 1927.

The work of installing the heating system was not completed until sometime in July.

Installment payments under the contract were made and were accepted, and it is admitted that there were no defaults in such payments, but it is urged that since nothing was due under the contract at the commencement of the work and inasmuch as the contract provided that "the balance due in advance at once," the debt was therefore a present existing one. In view of the more specific provisions of the contract as to installment payments and the practical construction thereof by the parties thereto, it is clearly otherwise.

The Bond and Warrant act (*Comp. Stat., p.* 221, § 11), provides that before judgment shall be entered an affidavit must be filed setting forth that "the debt or demand is justly and honestly due and owing." The affidavit filed herein on June 25th stated that "the sum of $2,489 is justly due plaintiff."

It appearing that this was not the fact, the judgment was entered without any substantial basis to support it, under the statute. *Warwick* v. *Petty,* 44 *N. J. L.* 542 (at *p.* 547), which contains the following:

"If the affidavit on which a confessed judgment was signed be not, in any respect, in substantial compliance with the requirements of the statute, the judgment is, *ipso facto,* fraudulent, and wholly inoperative against creditors."

To the same effect the rule has been stated:

"It is against the policy of the law to permit a man when entering into an obligation to bargain away his rights to be heard in court, should a question ever arise between him and his adversary in relation to it. A man who has signed a paper of that kind [authorization to enter judgment], if it is valid, is completely at the mercy of the holder. * * * It, in effect, gives defendant no day in court. It would open the door to fraud and oppression and make the courts involuntary parties thereto." 31 *Anno. Cas.* 646.

Judgments such as this by bond and warrant of attorney, without institution of suit, derive all their efficacy from positive or statutory law; and if such statutes are in derogation of the common law, a strict compliance therewith is necessary to support a judgment entered under them.

For these reasons the judgment under review will be vacated, and the rule to show cause will be made absolute.