Hall et ux. *v.* Hoff et ux., Appellant.

Argued December 6, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Bernard R. Cohn,* with him *Golder, Felger & Lemisch,* for appellants.—The act states that the judgment can be entered only for the deficiency, and clearly the deficiency would not be capable of ascertainment until there had been an exhaustion of the security: Sea Grove B. & L. Assn. v. Stockton, 148 Pa. 146; Baum v. Birchall, 150 Pa. 164; McNinch v. Straub Co., 5 Pa. D. & C. R. 439.

*Marc Billett,* for appellees.—Most of the cases seem to hold that the lex loci contractus is to govern in determining the rights and liabilities of the parties: McClure's Est., 72 Pitts. L. J. 184; Mills v. Wilson, 88 Pa. 118; Newman v. R. R., 3 Pa. Dist. R. 833.

OPINION BY MR. JUSTICE SADLER, January 7, 1929:

Max Hoff and wife, residents of Philadelphia, executed in that city, on May 21, 1926, their bond in the penal sum of $60,000, secured by a mortgage for $30,000, therein referred to, on land situated in the State of New Jersey. The obligees were likewise citizens of this State, and the entire transaction was consummated here. No place of payment of principal or interest was designated, but presumably this was where the contract was made. It authorized an attorney of the Court of Common Pleas of Philadelphia County to enter judgment in case of default. Upon the failure to comply with its terms, the bond was filed of record without any previous effort to foreclose the mortgage given to secure it. A rule to open was granted, and, after answer filed, in which it was asserted that the proceeding was void under the laws of New Jersey, since there had been no attempt to collect on the mortgage itself, a trial before a jury was had, which resulted in binding instructions for defendant. Judgment n. o. v. was subsequently entered for plaintiff, from which action this appeal was taken.

The question presented for our consideration is a narrow one, and rests on the right to enforce the provisions of the bond without first exhausting the remedies under the mortgage given as security therefor. If the realty involved had been located within Pennsylvania, there would, of course, be no question of the right of plaintiffs to proceed as here attempted. The land is, however, in New Jersey, and by its Act of March 31, 1881, amending that of March 12, 1880, carried in terms into the compiled statutes of 1910, it is expressly directed that, where a bond and mortgage have been given for the same debt, the proceedings to collect shall first be by foreclosure, and suit on the bond be limited to a recovery of any deficiency remaining. Similar legislation is found in some other states. This statute makes necessary proceedings on the mortgage itself where a New Jersey contract is involved, before resorting to the bond (Holmes v. Seashore El. Ry. Co., 57 N. J. L. 16, 29 Atl. 419), unless for some reason the former has been terminated as a lien (Seigman v. Streeter, 64 N. J. L. 169, 44 Atl. 888; Bower v. Bower, 78 N. J. L. 367, 74 Atl. 512), or the contract, though made in that state, relates to land in another: Colton v. Salomon, 67 N. J. L. 73, 50 Atl. 588. The act was not created as a matter of public policy, but gave to the mortgagor a personal privilege, which he might waive by express stipulation or by conduct (Callan v. Bodine, 81 N. J. L. 240, 79 Atl. 1057), and, since in derogation of common law rights, it must be strictly construed: Modern Security Co. v. Fleming, (N. J. Superior Ct.), 142 Atl. 649; Grothenhen v. Duffield (N. J.), 137 Atl. 712.

The general rule, as to actions by mortgagees to enforce their demands, has been stated thus in Jones on Mortgages, 6th ed., section 661: "The remedy against the mortgagor personally may be pursued wherever the debtor may be, and therefore suit may be brought against him in a state other than that in which the mortgaged premises are; but the lien against the land can be en-

forced only in the state where the land is situated."
This should be qualified by the statement that considera-
tion must be had of the place of making the contract,
and the law there controlling.

If the obligation here evidenced by the bond had been
sued on in New Jersey, then the legislation above re-
ferred to would clearly have been applicable (Hughes v.
Winkleman, 243 Mo. 81, 147 S. W. 994), and the same
has been held of an agreement there executed and to be
performed, when the attempt to enforce it in another
jurisdiction, as here, since such contract is presumed
thus to have been made with reference to the terms of
the operative statute, and its provisions are to be read
therein: Sea Grove B. & L. Assn. v. Stockton, 148 Pa.
146; Hutchinson v. Ward, 192 N. Y. 375, 85 N. E. 390;
Newman v. Brigantine Beach R. R. Co., 3 Pa. Dist. R.
833; McNinch v. Straub Co., 5 Pa. D. & C. 439. But
this rule is not to be applied where the agreement is a
Pennsylvania contract, for the law of the place at which
it was consummated and intended to be carried out con-
trols: Baum v. Birchall, 150 Pa. 164; Van Horn v. Mc-
Innes Brick Co., 5 Pa. Dist. R. 701; Andrews v. Torrey,
14 N. J. Eq. 355; Dolman v. Cook, 14 N. J. Eq. 56;
Cope v. Wheeler, 41 N. Y. 303. In the case at bar, the
bond and mortgage were executed in Philadelphia be-
tween citizens of this State, where presumably payment
was to be made, since no contrary provision appears
(Cope v. Wheeler, supra), and the power of attorney to
confess judgment was directed to a member of the bar
of the local court of common pleas.

The law of the place of the contract, in this case also
the same as that in which the proceeding was instituted,
must control: Hills v. Wilson, 88 Pa. 118; Tenant v.
Tenant, 110 Pa. 478; Stoddart v. Myers, 32 Pa. Supe-
rior Ct. 179. This has been the conclusion reached in
numerous jurisdictions where situations such as now
confront us were presented. In Maxwell v. Ricks (U. S.
C. C. A.), 294 Fed. 255, a recovery was sustained when

based upon a note, secured by a mortgage on land in California, where a statute similar to that of New Jersey exists. The action in the case referred to was brought in another federal district, and the question involved here was carefully considered. To the same effect are Mantle v. Dabney, 47 Wash. 394, 92 Pac. 134; McGue v. Rommel, 148 Cal. 539, 63 Pac. 1000. See also Colton v. Salomon (N. J.), supra, and Denver Stockyards Bank v. Martin, 177 Cal. 223, 170 Pac. 428. If the agreement to confess judgment in this case be treated as a New Jersey contract, then the terms of the statute of that state would necessarily become part thereof, and the judgment here entered should then be stricken off. But the promise to pay, secured collaterally by the mortgage on land in that state, was executed and to be performed here, and can therefore be enforced as proposed. This conclusion was correctly reached by the court below.

The judgment is affirmed.