[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal is from a ruling from the Probate Court in the District of New Haven.
Beatrice Yokely died on January 14, 1994. Subsequently an Estate was opened and Appellee Helen Jacobs was appointed as Fiduciary. An estate inventory was filed on June 8, 1994 with the total value of $122,000, consisting of two real estate properties. There was no cash in the Estate.
One of the properties (Winchester) was the subject of a fire in July of 1994. Said Estate received fire insurance proceeds in the amount of $87,733.12. After some fire related payments, $84,729.75 remained as an asset of the Estate.
The Fiduciary then sought approval from the Probate Court to make a distribution of funds ($28,638.95) and to make use of the remaining funds to make the necessary repairs to the fire damaged property. Also, the Fiduciary proposed that with the addition of a mortgage loan, both properties could be brought up to code. Said mortgage loan has been tentatively approved by the City of New Haven.
The defendant has filed a motion to dismiss charging no subject matter jurisdiction.
 "A person who seeks to appeal from an order of the Probate Court must set forth in his motion for appeal (1) the interest of the appellant in the subject matter of the decree or order appealed from or in the estate; see General Statutes § [45a-191]; and (2) the adverse effect of the decree or order on that interest. The existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected . . . Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken. (Citations omitted). CT Page 6679
 We must first determine whether, under the facts found, the plaintiffs had an interest in the proceedings sufficient to confer upon them standing under General Statutes § 45a-186. The issue of standing implicates the court's subject matter jurisdiction. (Citations omitted). Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard. (Citations omitted).
 The question of standing does not have involve an inquiry into the merits of the case. It merely requires allegations of a colorable claim of injury to an interest that is arguably protected by the statute in question."
 Appeal from Probate of Bencivenga, 30 Conn. App. 334,335-338.
 "Appeals from probate courts to the Superior Court are governed by § 45a-186, which provides that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court. The matter of aggrievement goes to the jurisdiction of the Superior Court. (Citations omitted). Unless the plaintiffs are persons actually aggrieved by the order or decree, the Superior Court has no jurisdiction over the subject matter of the appeal.
 To qualify as an aggrieved person, the plaintiff must have a pecuniary interest in the subject matter of the decree or order, and that pecuniary interest must be adversely affected by the decree or order from which the appeal is taken. If the plaintiff is not an aggrieved party, the appeal is void. The plaintiffs appeal should clearly state the basis for his claim of aggrievement; and a mere conclusory claim that the plaintiff is aggrieved is insufficient."
 Lenge v. Goldfarb, 169 Conn. 218, 220, 221.
The court finds that the plaintiff is an aggrieved party, and the motion to dismiss is denied.
The "Memorandum of Decision" follows:
 "MEMORANDUM OF DECISION CT Page 6680
 The Administratrix has moved in two ways, essentially, to approve two levels of expenses. The respondent has moved in opposition and to stay same.
 The payments listed on the Administratrix' accounting payments and proposed payments filed on September 5, 1995, is approved as follows:
 1. The payments to date of $4,162.10 and the to be paid expenses listed thereon, which total $28,368.89, shall also be paid, and the Motion to Stay as it applies to these items is denied.
 2. The section listed other debts — total to bring both houses up to code is approved in the amount of $53,360.90.
 3. A Stay herein is granted for the initial period of thirty (30) days and, if an Appeal is taken within the above period, this Stay shall remain in effect until this case is finally decided, or the Stay lifted.
Dated at New Haven, Ct., this 30th day of November, 1995."
The plaintiff urges that the sum of $53,3650.90 be used for the payment of its bill for the decedent's last sickness.
The case of Horton, Admn. v. Upham, et al, 72 Conn. 29,43 A. 472, was a suit to determine the construction of a will. The testator left a house and out buildings to his grandson. The buildings were destroyed by fire, and the administrator collected the amount of the policy.
The court ruled,
"The insurance money which has been collected goes as the land goes, and is treated as real estate."
The court held that the Superior Court was correct. SeeEstate of Freund, 131 Cal. 662, 63 P. 1080.
The appeal is dismissed.
Robert P. Burns CT Page 6681 Judge Trial Referee