[Civ. No. 19067.   First Dist., Div. Two.   June 24, 1960.]

SKAGGS-STONE, INC. (a Corporation), Respondent, v. DOUGLAS M. LaBATT et al., Defendants; BURT E. HEASTON, Appellant.

Robert R. Elledge and Charles M. Samson for Appellant.

Brown, Smith & Taber for Respondent.

STONE, J. pro tem.*—Plaintiff filed a complaint in Alameda County alleging an indebtedness to it of $11,183.28 owed by Associated Public Employees, Inc., for merchandise furnished at Associated's instance and request. Plaintiff further complained that defendants guaranteed the account in writing and sought to collect the amount owed by Associated from defendant guarantors. Appellant-defendant moved for a change of venue upon the ground that neither defendant lived in Alameda County and that appellant's place of residence is Stanislaus County. He further contends that the contract was entered into in Stanislaus County. The trial court denied a change of venue.

The controlling code section is Code of Civil Procedure 395, subdivision 1, the pertinent portion of which reads as follows:

''When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation, and the county in which such obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary.''

The guarantee was prepared by the plaintiff-respondent and forwarded to appellant-defendant in Stanislaus County where he signed it and then returned it to respondent by mail. Appellant argues that when he signed the guarantee and deposited it in the mail in Stanislaus County the contract was complete. This argument follows the general rule of offer and acceptance, but suretyship contracts differ in that the creditor must accept the surety's guarantee, either by acting upon it and extending credit, or by communicating his acceptance to the surety. (Stearns, Law of Suretyship, § 2.8, 5th ed. 1951.) Logically there doesn't seem to be any way in which a creditor could extend credit in reliance upon a guarantee until such time as he had knowledge of the guarantor's undertaking. It was so held in *Pacific National Bank* v. *Covington Investment Co.*, 169 Cal.App.2d 868 [338 P.2d 56], under a set of facts similar to those before us.

The contract reflects that appellant surety anticipated that the creditor required notice of the undertaking, since it is

---

*Assigned by Chairman of Judicial Council.

addressed to respondent at its place of business in Oakland, Alameda County. The guarantee reads as follows:

"Skaggs-Stone, Inc.                                July 15, 1957
727 Kennedy Street
Oakland, California

"Gentlemen:

"This is to advise that we hereby guarantee the full payment of the account of Associated Public Employees, Inc., 1316 Yosemite Boulevard, Modesto, California. This is a continuing guarantee until cancelled as hereinafter provided and shall at all times include the full indebtedness of said company with your firm.

"This guarantee is to remain in full force and effect until written notice of the withdrawal of same has been served, by the undersigned on your company at its principal office shown above. Such withdrawal shall in no case be effective except as to new transactions subsequent to the actual receipt by you of such notice.

> Very truly yours,
> /s/ Douglas LaBatt
> /s/ Bert E. Heaston"

Also, the contract could be reasonably interpreted to provide for performance in Alameda County within the meaning of Code of Civil Procedure, section 395, subdivision 1, *supra*. Not only is the guarantee addressed to respondent's place of business in Alameda County, where the credit was to be extended, but it provides, "This guarantee is to remain in full force and effect until written notice of the withdrawal of same has been served, by the undersigned on your company at its principal office shown above." Thus, credit was to be extended when the guarantee was received by Skaggs-Stone at its place of business in Alameda County, and could be withdrawn by the guarantors only upon their giving notice in writing to Skaggs-Stone in Alameda County.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.