**FIRST PENNSYLVANIA BANK, N. A., a national banking association, Plaintiff,**

v.

**Russell V. LUGLI, Susan K. Lugli, individuals, Defendants.**

**No. C–82–0650 SAW.**

United States District Court, N. D. California.

July 6, 1982.

John R. Hetland, Charles A. Hansen, John R. Hetland, a Provessional Corp., Berkeley, Cal., for plaintiff.

Dinkelspiel & Dinkelspiel, Douglas G. Boven, Joseph Wood, San Francisco, Cal., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

WEIGEL, District Judge.

Plaintiff First Pennsylvania Bank N.A. (Bank), a national banking association with its principal place of business in the State of Pennsylvania, brings this diversity action for amounts claimed due on personal guarantees executed by defendants Russell V. and Susan K. Lugli (Luglis) as additional security for mortgage loans made by the Bank to two New Jersey corporations.

On and after March 6, 1979, the Bank loaned substantial amounts to the New Jersey corporations for the purchase and development of raw land and for the purchase of ten town houses. The loans were secured by that property, situated in New Jersey. In addition, as a condition precedent to the loans, the Luglis made and delivered to the Bank several personal guarantees pursuant to which they irrevocably and unconditionally, jointly and severally, guaranteed to the Bank all amounts owed by the New Jersey corporations. They agreed that the guarantees were to be governed and construed according to the laws of the State of Pennsylvania. They expressly waived any right to require that the Bank proceed against the New Jersey corporations or any

other person or entity, or against any other security for the corporations' obligations to the Bank, prior to proceeding directly against them upon default.

The New Jersey corporations defaulted on their loans from the Bank, and the Bank filed two actions. The first was a complaint for foreclosure, filed on February 11, 1982, in the Superior Court of New Jersey, Chancery Division, against the New Jersey corporations and the individual guarantors, including the Luglis. Summary judgment was rendered for the Bank in May, 1982 (although to date, no written order has been signed). The second action, filed on February 11, 1982, is the matter now before the Court for payment under the terms of the personal guarantees. The Luglis now bring a motion to dismiss for failure to state a claim upon which relief can be granted, under Fed.R.Civ.P. 12(b)(6), or, should the Court consider matters outside the pleading which are presented by the Luglis in their request for judicial notice, for summary judgment, under Rule 56. The basis of their motion is that the Bank must exhaust its *in rem* remedies against the real property security in New Jersey and obtain a judicial determination of the existence of a deficiency (according to a "fair value" test) before it can file or maintain an action on the personal guarantees. Upon full consideration of the papers and pleadings and the argument of counsel, and treating the motion to dismiss as one for summary judgment under Rule 12(b), the Court denies the instant motion.

This matter presents two principal questions: (1) Do the laws of New Jersey or of Pennsylvania apply to determine the sufficiency and timeliness of the complaint upon the guarantees and (2) under the applicable law, may the Bank pursue this action without first foreclosing on the New Jersey property securing its loans?

■ As to the first, the law of Pennsylvania applies. This Court must follow the conflict of laws rule of the State of California, as the state in which this Court is located. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1949). The California rule is that when the parties agree that the law of a certain state shall govern a contract, that agreement will be respected so long as there is a reasonable basis for the parties' choice and application of the chosen law would not be contrary to a fundamental policy of a state law which might otherwise apply. *Smith, Valentino and Smith, Inc. v. Superior Court*, 17 Cal.3d 491, 494, 131 Cal. Rptr. 374, 551 P.2d 1206 (1976); *Developers Small Business Investment Corp. v. Hoeckle*, 395 F.2d 80, 83 (9th Cir. 1968).

■ The parties' choice of Pennsylvania law was reasonable in that Pennsylvania has a substantial relationship with the guarantees. It is the state where the guarantees were executed and the place at which they were to be performed, as well as the state of the Bank's domicile. The only state other than Pennsylvania arguably having a substantial relationship with the guarantees is New Jersey. It is the locus of the real property, the domicile of the two defaulting corporations, and the forum in which the Bank has instituted foreclosure proceedings. However, the laws of Pennsylvania on the issue before the Court, namely, whether the Bank may pursue its remedies against the guarantors without first completing foreclosure on the real property security, do not appear contrary to a fundamental policy of New Jersey. (Although the Luglis contend otherwise, it appears that New Jersey law excepts commercial properties from the requirement that a foreclosure of the mortgage is required before bringing an action on the bond or note for any deficiency. N.J.S.A. 2A:50-2.3.)

■ Furthermore, Pennsylvania law would apply regardless of the parties' choice of law as the state where the guarantees were made and delivered. California Civil Code § 1646; *Skaggs-Stone, Inc. v. LaBatt*, 182 Cal.App.2d 142, 5 Cal.Rptr. 882 (1960); *Developers Small Business Investment Corp. v. Hoeckle, supra*, 395 F.2d at 83.

■ The question, then, is, under the law of Pennsylvania, may the Bank pursue this

**76**

action without first foreclosing on the New Jersey property? The Court concludes that it may.

The Supreme Court of Pennsylvania has held that, where a bond and mortgage were executed in Pennsylvania between citizens of such state, but on land situated in New Jersey, the bond could be sued upon in Pennsylvania without first exhausting the remedies under the mortgage, notwithstanding New Jersey law to the contrary. *Hall v. Hoff*, 295 Pa. 276, 145 A. 301 (1929).

■ Defendants concede that "... Pennsylvania does not strictly require foreclosure as a prerequisite to an in personam action on the bond, note or guarantee". (Defendants' Memorandum of Points and Authorities in support of a motion to dismiss complaint for failure to state a claim, p. 10.) Nevertheless, the Luglis contend that Pennsylvania law puts the creditor to an election of remedies. They argue that, where, as here, the creditor elects to seek foreclosure, he must wait until the foreclosure and sale are complete and a deficiency has been judicially determined before initiating an action on the guarantee. The cases cited for such a proposition show only that the creditor has more than one available remedy. They do not preclude simultaneous pursuit of the alternative remedies. *See, Beaver County Building and Loan Assn. v. Winowich*, 323 Pa. 483, 187 A. 481, 484 (1936) (obligee "could proceed either in personam or in rem"); *Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Watt*, 151 F.2d 697, 698 (5th Cir. 1945) (mortgage may be foreclosed "either by a writ of scire facias sur mortgage or by entering a judgment on the bond"); *National Council of the Junior Order of United American Mechanics v. Zytnick*, 221 Pa.Super. 391, 293 A.2d 112, 114 (1972) ("traditionally a mortgage foreclosure does not bar a subsequent proceeding on the bond").

Finally, the Luglis contend that Pennsylvania's anti-deficiency laws (42 Pa.C.S.A. § 8103(a)–(e)) imply an election of remedies requirement. The contention is not well taken. Section 8103 applies only when real property is sold to the judgment creditor in execution proceedings and the price for which such property has been sold is insufficient to satisfy the amount of the judgment. Since there has been no such sale to the Bank, and no determination that the New Jersey property is insufficient to satisfy the amount of the judgment, the section is inapplicable to the matter now before the Court. As the Bank points out, "[i]f at some future time such a sale were to occur, the Bank might then be required to seek a fair value hearing and to credit the Luglis with the value thus determined. This possibility in no way precludes the Bank's present action against the Luglis under the terms of the guaranties." (Plaintiff's Memorandum of Points and Authorities in opposition to motion to dismiss, p. 14.) Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss, treated as one for summary judgment pursuant to Fed.R. Civ.P. 12(b), is denied.