533 A.2d 157

**FIRST SENECA BANK, Appellant**

v.

**GREENVILLE DISTRIBUTING COMPANY, Robert M. Woods, Patricia M. Woods, William A. Boyce, and Mary Jane Boyce.**

Superior Court of Pennsylvania.

Argued June 3, 1986.

Filed Nov. 4, 1987.

560

Archie O. Wallace, Greenville, for appellant.

William L. Walker, Meadville, for appellees.

Before ROWLEY, DEL SOLE and CERCONE, JJ.

ROWLEY, Judge:

On September 27, 1977, Greenville Distributing Company (Greenville), the corporate appellee, executed and delivered to First Seneca Bank (Bank), appellant, a mortgage in the amount of $140,000 covering Greenville's warehouse. The mortgage was executed on behalf of Greenville by Robert M. Woods who, at that time, was president of Greenville. On September 30, 1977, Greenville, by Robert Woods its president, as well as Robert and Patricia Woods and William and Mary Jane Boyce, individually, (also appellees herein) executed a corresponding note to the Bank for $140,000. A confession of judgment clause was included in the note. On October 19, 1977, the Bank confessed judgment on the note against the individual appellees only, in the amount of $249,995.28. The judgment against the individual appellees was revived in 1983.

Greenville ceased making payments on the mortgage and note as of April 30, 1983. On December 27, 1983, the Bank filed a two-count complaint. The first count of the complaint was in mortgage foreclosure against Greenville only. The second count of the complaint was in assumpsit against Greenville, Robert and Patricia Woods, and William and Mary Jane Boyce on the note.

By an order filed April 5, 1984, the trial court overruled Greenville's preliminary objection which requested that the second count in assumpsit be stricken or dismissed as improper in a mortgage foreclosure action, but granted what was apparently an oral motion by the Bank for sever-

ance of the count in mortgage foreclosure from the count in assumpsit. Shortly thereafter, by an order dated April 21, 1984, the trial court, in accordance with a stipulation of the parties, established the following procedure for the resolution of the case:

1) The Defendants or any of them must answer the first count of the Plaintiff's Complaint which is in Mortgage Foreclosure within twenty (20) days of the Court's Opinion filed April 5, 1985 or they shall be in default in the Mortgage Foreclosure action.

2) The time for filing an answer to the Plaintiff's Complaint in Assumpsit will be extended to a date which is twenty (20) days after any Sheriff's sale of the mortgaged property. . . .

On May 17, 1984, because no answer had been filed to the count in mortgage foreclosure, the trial court, finding that the amount of $93,016.42 plus interest was due, entered a default judgment against Greenville in the mortgage foreclosure action. Execution proceedings on the judgment in the mortgage foreclosure action were initiated and on July 2, 1984, the property was sold at sheriff's sale to the Bank for $60,000 following Greenville's unsuccessful bid of $50,-000. The deed to the Bank was recorded on July 24, 1984. On the same day, the Bank filed, in the mortgage foreclosure action, a Petition to Fix Deficiency Judgment against Greenville and the individual appellees. On August 10, 1984, Greenville and the Woods filed a response to the Petition to Fix Deficiency Judgment. Meanwhile, on July 26, 1984, pursuant to the Court's order of April 21, 1984 adopting the parties' stipulations, all of the appellees had filed an answer to the Bank's action in assumpsit which had been severed from the action of mortgage foreclosure.

By a petition dated January 30, 1985, Greenville and the Woods sought to dismiss the deficiency judgment proceedings filed in the mortgage foreclosure action as well as to dismiss the assumpsit action because there was no *in personam* judgment and more than six months had elapsed since the sheriff's sale. By a separate petition also dated

January 30, 1985, appellees sought a release and discharge from the confessed judgment for the same reasons. The trial court signed an order dated February 2, 1985 issuing a Rule to Show Cause based on these two petitions. The Bank filed answers. On February 25, 1985, an evidentiary hearing was held. However, the two petitions of January 30, 1985, the order of February 2, 1985 issuing the rule, and the Bank's answer to the two petitions were not filed until March 15, 1985.

By an order dated March 12, 1985, and filed March 15, 1985, the trial court gave Greenville a credit against the judgment in the mortgage foreclosure action in the amount of $57,542.26 and found the deficiency in the mortgage foreclosure action to be $35,474.16. On March 27, 1985, judgment was entered on this order against not only Greenville but also Robert and Patricia Woods and William and Mary Jane Boyce. Appellant took its first appeal to this Court at No. 408 Pittsburgh, 1985, from this judgment claiming it was entitled to a deficiency judgment in the amount of $70,474.16 which is the difference between the balance due on the mortgage and the amount appellant claims to be the fair market value of the property.

After the appeal was taken at No. 408 Pittsburgh, 1985 by the Bank, the appellees filed a petition to strike off the deficiency judgment entered March 27, 1985. On June 11, 1985, the trial court filed an opinion and order which struck off the deficiency judgment entered against the appellees on March 27, 1985; dismissed the Bank's petition to fix a deficiency judgment; dismissed the count in assumpsit which had been filed by the Bank; and marked the confessed judgments against Robert and Patricia Woods and William and Mary Jane Boyce satisfied, discharged and released.

On July 1, 1985, the Bank entered judgment on the June 11, 1985 order, and filed therefrom its second appeal to this Court at No. 872 Pittsburgh, 1985. Because the appeal at No. 408 Pittsburgh, 1985 and the appeal at No. 872 Pittsburgh, 1985 involve the same parties and the same mort-

gage foreclosure proceedings, they have been consolidated for disposition.

## APPEAL AT No. 408 PITTSBURGH, 1985

In this appeal, appellant argues that prior to the sheriff's sale, the parties had agreed that the property had a value of only $25,000, and, therefore, Greenville can be released from liability *only* for the amount agreed to be the fair market value ($25,000) and not for the amount that the bank paid for the property at the sale ($60,000 less costs) under the Deficiency Judgment Act.[1]

Before addressing appellant's arguments, we are required to consider, *sua sponte,* whether the trial court had subject matter jurisdiction to consider the Bank's petition for a deficiency judgment in the mortgage foreclosure action. *See: Pheasant Run Civic Organization v. Board of Commissioners of Penn Township,* 60 Pa. Cmwlth. 216, 220, n. 4, 430 A.2d 1231, 1233, n. 4 (1981). Subject matter jurisdiction cannot be conferred by consent, and it cannot be founded upon waiver or estoppel. *Appeal of Kramer,* 445 Pa. 238, 282 A.2d 386 (1971); *Martin v. Soblotney,* 296 Pa.Super. 145, 442 A.2d 700 (1982).

The Deficiency Judgment Act provides:

Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

42 Pa.C.S. § 8103(a).

■■■■ A petition for deficiency judgment pursuant to § 8103 cannot be brought in a mortgage foreclosure action because the judgment obtained in a mortgage foreclosure

1. 42 Pa.C.S. § 8103.

action is a judgment *in rem. Meco Realty Company v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964); *Valley Trust Company of Palmyra v. Lapitsky,* 339 Pa.Super. 177, 488 A.2d 608 (1985); *McDowell National Bank of Sharon v. Stupka,* 310 Pa.Super. 143, 456 A.2d 540 (1983); *National Council of the Junior Order of United American Mechanics of the United States of America v. Zytnick,* 221 Pa.Super. 391, 293 A.2d 112 (1972). In *Meco, Id.* 414 Pa. at 498, 200 A.2d at 871 the Court said:

> The sole purpose of the judgment obtained through an action of mortgage forclosure is to effect a judicial sale of the mortgaged property.... Useless resort to the Deficiency Judgment Act of 1941 to establish fair market value and thus the net amount of the deficiency can in no way change the nature of the judgment from a judgment *de terris* to one *in personam.*

Thus mortgagees who have purchased property at a sheriff's sale after obtaining a judgment in mortgage foreclosure can only recover the deficiency if they obtain a personal judgment, and, in the proceeding in which they have obtained the personal judgment, have filed a petition for deficiency judgment within six months of the execution sale. *Zytnick, supra.* Where the mortgagee obtains only an *in rem* judgment in mortgage foreclosure and in the *in rem* mortgage foreclosure action proceeds to petition for a deficiency judgment, i.e., a personal judgment, the proceedings are "void at law." *Meco, Id.*

■ The only exception to the rule that a deficiency judgment cannot be assessed in an action for mortgage foreclosure is when the mortgagee's complaint in mortgage foreclosure requests both an *in personam* and an *in rem* judgment and *no objection is made thereto by the mortgagors. Kretschman v. Stoll,* 238 Pa.Super. 51, 352 A.2d 439 (1975). In *Kretschman,* however, the court specifically did not address the issue whether a deficiency judgment could be obtained in a mortgage foreclosure action where the relief requested was for a judgment *in personam* as well

as *in rem and* the mortgagors *objected,* as the mortgagors here did, to the joinder of the two causes of action.[2]

■ In this case, the judgment in mortgage foreclosure obtained on May 17, 1984 was strictly an *in rem* judgment. Although the trial court did not dismiss or strike the second count in assumpsit as requested by appellees, the trial court severed the *in rem* action of mortgage foreclosure from the *in personam* action on the note at the request of the Bank. Because the two causes of action were severed, and because the judgment of May 17, 1984 was entered at the conclusion of only the *in rem* mortgage foreclosure proceedings, the judgment of May 17, 1984 was only an *in rem* judgment. Therefore, the exception established in *Kretschman* is inapplicable here. The trial court, also, therefore, lacked jurisdiction to consider the deficiency judgment petition which was filed in the *in rem* mortgage foreclosure action, and the deficiency judgment proceedings were void under *Meco Realty Company v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964). The judgment entered establishing the deficiency was void and must be vacated.

■ The effect of a void judgment is that it must be treated as having never existed.

A void judgment is not entitled to the respect accorded to, and is attended by none of the consequences of, a valid adjudication. Indeed, a void judgment need not be recognized by anyone, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It has no legal or binding force or efficacy for any purpose or at any place. It cannot affect, impair, or create rights, nor can any rights be based thereon.

Although it is not necessary to take any steps to have a void judgment reversed or vacated, it is open to attack or

**2.** *See: Signal Consumer Discount Co. v. Babuscio,* 257 Pa.Super. 101, 390 A.2d 266 (1978) and *People's National Bank of Lebanon v. Noble,* 338 Pa.Super. 177, 487 A.2d 912 (1985) which suggest that it may be improper to join *in rem* and *in personam* claims in a complaint in mortgage foreclosure.

impeachment in any proceedings, direct or collateral, and at any time or place, at least where the invalidity appears upon the face of the record. It is not entitled to enforcement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves regarded as invalid and ineffective for any purpose.

In short, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It accordingly leaves the parties litigant in the same position they were in before the trial.

46 Am.Jur.2d Judgments § 49. We therefore vacate the judgment of March 27, 1985 entered on the void order filed on March 15, 1985.

### APPEAL AT No. 872 PITTSBURGH, 1985

In this appeal, the Bank raises three issues: 1) whether the trial court lacked jurisdiction to enter the order of June 11, 1985 because an appeal had been filed on March 27, 1985 from a prior order; 2) whether the court erred in granting the appellees' requested relief because it violated its prior procedural order of April 15, 1984; and 3) whether a judgment by confession can be obtained and maintained independently of the right to proceed under the Deficiency Judgment Act.

### A.

The trial court stated in its opinion of June 11, 1985 (p. 4, n. 7):

Because we find that the judgment entered by the prothonotary against the individual defendants in this case is void as a matter of law, and further that the appeal is interlocutory and not based upon a valid final judgment, we rely on Pa.R.A.P. No. 1701(b)(1) and (6) as authority to proceed in this matter.

While we agree with the trial court that the judgment of March 27, 1985 was void, the judgment was an appealable final judgment. Once an order establishing the fair market

value of the real estate had been entered and judgment had been entered thereon establishing the amount of the deficiency, there was no further action which could have been taken except execution on the judgment. The order on which the judgment was entered is complete as to all the parties and as to the only issue involved. Therefore, it terminated the litigation and the judgment entered thereon was final and appealable. *Hall v. Lee,* 285 Pa.Super. 542, 428 A.2d 178 (1981). See also: *Cheltenham Federal Savings and Loan Association v. Pocono Sky Enterprises, Inc.,* 305 Pa.Super. 471, 451 A.2d 744 (1982) (appeal taken from a judgment entered on an order establishing the fair market value of property on a petition for deficiency judgment and considered on the merits on appeal). However, the March 27, 1985 judgment, which was the subject of the first appeal, related only to the action in mortgage foreclosure. Therefore, the appeal from the March 27, 1985 judgment divested the trial court of jurisdiction only with regard to the mortgage foreclosure action. To the extent that the June 11, 1985 order and the judgment of July 1, 1985 attempted to strike off the deficiency judgment in the mortgage foreclosure action and attempted to dismiss the petition to fix deficiency judgment, the trial court was without jurisdiction to proceed and therefore that portion of the order of June 11, 1985 and the judgment of July 1, 1985 entered thereon is void and must be vacated.

The June 11, 1985 order, however, also related to a petition to have the confessed judgment marked satisfied. This petition was filed at the same term and number as the confessed judgment, which is a different term and number than the mortgage foreclosure action. However, the prohibition against further proceedings in the trial court contained in Pa.R.A.P. 1701(a) is limited to those particular items, claims or assessments involved in an appeal. Pa.R.A.P. 1701(c). Because the March 27, 1985 judgment, which was already on appeal, did not relate to the confession of judgment action but related solely to the establishment of a deficiency in the mortgage foreclosure action, the trial court had jurisdiction to consider the petition to have the confess-

ed judgment marked satisfied. Similarly, the trial court had jurisdiction to consider the petition to dismiss the complaint in assumpsit because the petition did not relate to the mortgage foreclosure action, which was on appeal, but to a separate cause of action which had been severed from the cause of action to which the March 27, 1985 order related. Therefore, that portion of the July 1, 1985 judgment which struck off the deficiency judgment and dismissed the Bank's petition to fix a deficiency judgment must be vacated because the trial court was without jurisdiction to enter it.

## B.

Appellant's second issue as stated in its Statement of Questions Involved is "Did the lower court err in granting the prayers of the debtor's petitions by its order of June 11, 1985, because the lower court violated its own prior procedural order of April 4, 1984, by so doing and for other reasons?"[3] In the body of the brief, appellant argues that the June 11, 1985 order was erroneously entered because 1) the trial court violated its own prior order of April 4, 1984 establishing the procedure to be followed; 2) the judgment which was entered in the mortgage foreclosure action was both *in personam* and *in rem* under *Kretschman v. Stoll*, 238 Pa.Super. 51, 352 A.2d 439 (1975), and therefore a petition for deficiency judgment was properly filed in the mortgage foreclosure action; 3) by filing an answer and counterclaim to the assumpsit count and to the petition to fix deficiency, Greenville and Robert and Patricia Woods waived the right to raise the issue of personal jurisdiction; and 4) the Deficiency Judgment Act only requires personal jurisdiction over the debtor and not a personal judgment against the debtor.

Pa.R.A.P. 2116 provides:

3. Although appellant refers to this order as the order of April 4, 1984, we shall refer to the order as the order of April 5, 1984, the date on which the order was filed and docketed.

The statement of the questions involved must state the question or questions in the briefest and most general terms.... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby....

In *Commonwealth v. Evans,* 332 Pa.Super. 301, 481 A.2d 625 (1984) the court held that when an appellant purported to raise an argument under the heading "other issues," Rule 2116 was violated and the "other issues" could not be considered on appeal. Similarly, in *Commonwealth v. Duden,* 326 Pa.Super. 73, 473 A.2d 614 (1984), where appellant attempted to tack the issue of ineffectiveness of counsel onto other issues, but failed to present the claim of ineffectiveness in the statement of questions presented, the issue of ineffectiveness was waived.

■ In this case, the phrase "and other reasons" tacked onto the end of appellant's second statement of questions involved does not suggest the appellant's argument regarding the nature of the judgment entered in the mortgage foreclosure action, appellees' waiver of personal jurisdiction, or the relevance of personal jurisdiction to a deficiency judgment, which issues are discussed in the body of the brief. Because Rule 2116 is in the highest degree mandatory, based on *Evans* and *Duden* and Rule 2116, we hold that appellant has not properly presented the issues regarding the *in personam* or *in rem* nature of the judgment entered in the mortgage foreclosure action, appellees' waiver of personal jurisdiction, and the relevance of personal jurisdiction to a deficiency judgment. Thus the only portion of the second issue which is properly before us is whether by filing the order of June 11, 1985, the trial court violated its procedural order of April 5, 1984.

■ The opinion accompanying the order filed on April 5, 1984 states in part:

We believe the best course in this case is to sever the two actions with the understanding that the assumpsit action shall be held in obeyance (sic) until the mortgage fore-

closure action has been completed. It may then be determined whether there is a deficiency and the plaintiff can then proceed accordingly with the assumpsit action. Trial court opinion of April 5, 1984 at 5. Appellant argues that because of this language, it was proper for appellant to file the Petition for Deficiency Judgment in the mortgage foreclosure action and that the order striking the judgment because the petition had been filed in an *in rem* mortgage foreclosure action was contradictory to the court's order and opinion filed April 5, 1984. We find it unnecessary to address this issue since that portion of the June 11, 1985 order striking the March 27, 1985 judgment is void due to the trial court's lack of jurisdiction. However, even if the trial court had had jurisdiction to strike the judgment, we would be precluded from addressing this issue because appellant has preserved for appellate review no issue regarding the granting of the Petition to Strike the deficiency judgment.

No answer to the appellee's Petition to Strike the deficiency judgment was filed of record. Although the record before us includes a document which purports to be an answer to the Petition to Strike the deficiency judgment, there is no indication that this document was ever properly filed and properly made a part of the official record in this case. The document is not included in the list of docket entries certified to this Court and the document is not time-stamped by the Prothonotary. Furthermore, there is no affidavit of service accompanying the document which would indicate that it had been duly served on the appropriate persons. Because there is no indicia that this document was filed and made a part of the record, it is dehors the record and we cannot consider it. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974); *General Accident Fire and Life Assurance Corp. Ltd. v. Flamini*, 299 Pa.Super. 312, 317, n. 3., 445 A.2d 770, 773, n. 3 (1982). In the absence of an answer raising objections to the Petition to Strike the deficiency judgment, no issue concerning the propriety of the order striking the judgment has been

preserved. *See: Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974).

## C.

██ Appellant's third issue is that it was error for the trial court to direct that the confessed judgment against the individual appellees be marked satisfied because a creditor has the right to maintain independent actions for a confessed judgment and for a deficiency judgment. While it is true that a creditor can maintain an action to confess judgment independent of a petition for deficiency judgment, this fact is irrelevant to the question involved here of whether a creditor's failure to obtain a deficiency judgment can affect an independent confessed judgment.

██ The Deficiency Judgment Act provides:

If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within [six months], the *debtor, obligor, guarantor, or any other person liable directly or indirectly to the judgment creditor for the payment of the debt,* ... may file a petition ... setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, ... shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S. § 8103(d) (Emphasis added.) Under the Act, the debt from which anyone obligated to pay the debt can be discharged if a timely and proper deficiency judgment petition is not filed is the debt on the note accompanying the mortgage. Although numerous persons may be liable for this debt, there is only one debt. Therefore, even though there may be multiple judgments for payment of this debt, which may include confessed judgments and judgments obtained in assumpsit actions, anyone against whom such a judgment has been entered, has the right under the Act to petition the court to have the judgment marked satisfied, released, and discharged.

The only prerequisites under the Act for an order marking a judgment on a note satisfied, released and discharged are that there has been a sale of the real estate and that no petition has been filed within the time limited by the statute to establish the fair market value of the property sold. In this case, the record shows that there was a sale of the real estate and that no petition was properly filed within the time provided by statute to establish the fair market value of the property. Therefore, upon the petition of appellees, against whom confessed judgments had been filed on the note which represented the same debt secured by the mortgaged property which had been sold at the foreclosure sale, the trial court properly marked those judgments satisfied, discharged and released.

The judgment in the appeal at No. 408 Pittsburgh, 1985 is vacated. The judgment in the appeal at No. 872 Pittsburgh, 1985 is vacated to the extent that it struck the judgment of March 27, 1985 and dismissed the petition to fix deficiency judgment; it is affirmed to the extent that it ordered the confessed judgments to be marked satisfied, discharged and released, and to the extent that it dismissed the complaint in assumpsit.