## Vanguard Federal Savings Bank v. Foxglove Ventures Inc.

*William C. Stillwagon,* for plaintiff.
*Thomas R. Johnson* and *Suzanne L. DeWalt,* for defendants.

ACKERMAN, *J.*, December 13, 1988 — On December 30, 1982, plaintiff, Vanguard Federal Savings Bank, loaned $1.4 million to individual defendant Daniel A. Marino Jr. to develop realty known as the Saybrook Village Plan of Lots, Phase III. Vanguard secured Marino's obligation to repay the loan by obtaining a mortgage on the Saybrook property and a note from Marino. Subsequently, at no. 6683 of 1986 Vanguard confessed judgment against Marino on the note in the amount of $1,467,626.50. In addition, Vanguard filed a separate foreclosure action upon which judgment was entered, and a sheriff's sale of the Saybrook property occurred on September 6, 1988, with Vanguard purchasing the property for $3,497.49, which was one dollar over the taxes due. Vanguard has yet to file a petition to fix a fair market value for the property in accord with the Deficiency Judgment Act, 42 Pa.C.S. §8103 in regard to its in personam judgment on the note.

In this action, Vanguard has alleged that Marino has fraudulently transferred and hidden assets in order to thwart Vanguard's satisfaction of the debt. The complaint outlines in detail Marino's involvement with the other defendants which, if established as true, would demonstrate that he recently divested himself of substantial assets. The complaint also seeks to pierce the veil of the corporate defendants. In preliminary objections defendants contend that such an action is improper since the Deficiency Judgment Act gives Vanguard its exclusive remedy.

The act provides:

*"General Rule* — Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satis-

fy the amount of the judgment, interest and costs *and the judgment creditor seeks to collect the balance on said judgment,* interests and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold, the petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered." 42 Pa.C.S. §8103(a). (emphasis supplied)

In this action, Vanguard seeks to collect the balance due on the judgment. In its prayer for relief, it asks not only that various conveyances be set aside, but also, that execution proceed against various assets in order to satisfy the balance due on the confessed judgment. And it does so notwithstanding its failure to petition the court to fix the fair market value of the Saybrook property it obtained at the sheriff's sale.

In *First Seneca Bank v. Greenville Distributing Company,* 367 Pa. Super. 558, 533 A.2d 157 (1987), the Superior Court held that a mortgagee's failure to obtain a deficiency judgment defeated its right to recover on an independent confessed judgment against the makers of a note representing debts secured by the mortgaged property, where the real estate was sold at a foreclosure sale and where no petition was properly filed within the time provided to establish the fair market value of the realty.

In this instance, the six months from the date of the sheriff's sale has not as yet expired; nevertheless, the holding of the court is applicable. The failure of Vanguard to obtain a deficiency judgment defeats its right to recover on Marino's confessed judgment note since obtaining the deficiency is a condition precedent to obtaining the balance on the judgment. This is especially true in light of *Cheltenham Federal Savings and Loan Association v. Poco-*

*no Sky Enterprises Inc.,* 305 Pa. Super. 471, 451 A.2d 744 (1982), which held that deficiency judgment statutes were enacted to relieve the judgment debtor and are to be construed liberally in his favor.

Vanguard cites in its brief *First Pennsylvania Bank, N.A. v. Lugli,* 542 F.Supp. 73 (N.D. Cal. 1982). In that case, a California court applying Pennsylvania law held that Pennsylvania deficiency judgment statute did not imply an election of remedies requirement; and that a lender could pursue an action against the guarantors of the mortgage loan while at the same time pursuing a foreclosure action. However, in that case, the realty was not located in Pennsylvania but, rather, New Jersey. More importantly, there was no sale of the realty in the New Jersey mortgage foreclosure proceeding to the lender. That such facts were crucial to the court's decision is apparent by the following language:

"Finally, the Luglis contend that Pennsylvania's anti-deficiency laws (42 Pa.C.S. §8103(a)-(e)) imply an election of remedies requirement. The contention is not well taken. Section 8103 applies only when real property is sold to the judgment creditor in execution proceedings and the price for which such property has been sold is insufficient to satisfy the amount of the judgment. Since there has been no such sale to the bank, and no determination that the New Jersey property is insufficient to satisfy the amount of the judgment, the section is inapplicable to the matter now before the court." *Id.* at 76. Having obtained the realty located in Westmoreland County, Pa., through a foreclosure sale, Vanguard cannot recover on the confessed judgment note without first obtaining a deficiency judgment.

Vanguard also argues that the documents executed by Marino grant to it the right to pursue several remedies simultaneously. Certainly Vanguard does

have cumulative remedies. This is evident from the fact that it has entered judgment not only in the mortage foreclosure proceeding but also in another action on the note. However, once Vanguard obtained the realty through execution proceedings the Deficiency Judgment Act applies and any agreement to waive the benefits of that act is void. 42 Pa. C.S. §8103(e).

In its brief, Vanguard suggests that to permit Marino to delay this action would only promote injustice and fraud since he is likely to continue to transfer and hide assets in order to thwart the judgments against him. I disagree with this argument for two reasons.

First, Vanguard became the owner of the property on September 6, 1988, pursuant to the sheriff sale. If the sale price was insufficient to satisfy the judgment, Vanguard must establish the deficiency in accord with 42 Pa. C.S. §8103 et seq. Nearly three months have passed since the sheriff sale, and Vanguard has not filed a petition to determine the fair market value. If there are additional amounts due plaintiff, the delay in pursuing those funds rests with Vangaurd.

Second, in this action, Vanguard does not request equitable remedies that could protect its interest in the assets pending its establishment of a deficiency but, rather, improperly seeks execution on these assets.

Finally, Vanguard points out that defendants were late in filing their brief in support of these preliminary objections. Under the local rules Vanguard could have elected to silence its opponent at oral argument. A dismissal of the preliminary objections, however, is not warranted.

## ORDER OF COURT

And now, December 13, 1988, the preliminary objections of defendants are hereby sustained; and plaintiff's complaint is dismissed.