**UNITED STATES of America, Plaintiff,**

v.

**Irving and Jean EPSTEIN and Ernest and Teresa Epstein, Defendants.**

**No. 4:CV–91–0233.**

United States District Court,
M.D. Pennsylvania.

Oct. 28, 1991.

George Rocktashel and Andrew S. Quinn, Asst. U.S. Attys., Lewisburg, Pa., for plaintiff.

Allen T. Reishstein, Wilkes–Barre, Pa., for defendants.

MEMORANDUM

McCLURE, District Judge.

BACKGROUND

On February 13, 1991, the United States of America, on behalf of its Agency, the Small Business Administration ("SBA"), filed a complaint seeking a money judgment and mortgage foreclosures against the defendants. Count I of the complaint alleges that defendants Irving Epstein, Jean Epstein, Ernest Epstein and Teresa Epstein have, despite repeated demands by the SBA, failed and refused to comply with provisions of a $250,000 loan (SBA No. GP 715 935 100 PHI) in that they have failed and refused to pay the installments of principal and interest when due. Count II alleges that defendants Irving and Ernest Epstein, have refused and continue to refuse to make payments upon a second loan in the amount of $56,000.00 (SBA No. GP 138 502 3010 PHI).

On September 3, 1991, the United States, on behalf of the SBA, filed a motion for summary judgment. A supporting brief was filed on September 13, 1991.[1] The defendants filed their opposition brief on October 15, 1991. However, the Local Rules require submission of opposing briefs within fifteen days of service of the movant's brief. Local Rule 401.6. Allowing three additional days for mailing, pursuant to Fed.R.Civ.P. 6(e), this would place the due date for defendants' opposition

---

1. In support of its motion, the United States has submitted the affidavit of James D. Servidio, a liquidation loan specialist employed by the SBA, a statement of material facts and numerous documents relating the SBA loans which are the subject of the instant action.

brief on October 1, 1991. Significantly, Local Rule 401.6 also provides that any respondent who fails to file a timely opposing brief shall be deemed not to oppose the motion. Since defendants have not requested an enlargement of time within which to file their opposition brief, the summary judgment motion should be deemed unopposed. Nevertheless, because the opposition brief is available for the purpose of disposing of this motion, the court will consider the arguments presented therein.

## RELEVANT FACTS

This case concerns three separate and distinct SBA loans disbursed to French Steak Company, Inc. ("French Steak") by First Eastern Bank, N.A. ("First Eastern"). A short description of each loan follows.

*The first SBA loan—No. GP 715 935 1000 PHI*

On or about August 31, 1979, a promissory note in the principal sum of $250,000.00, made payable to First Eastern, was executed by Irving Epstein and Ernest Epstein on behalf of French Steak. Thereafter, the SBA honored its Guaranty Agreement with First Eastern on or about November 10, 1986, and in consideration thereof received assignments of the $250,000.00 note as well as two guaranty agreements and a mortgage.

The guaranty agreements were executed by Irving Epstein, Jean Epstein, Ernest Epstein and Teresa Epstein. The guaranty of Irving and Jean Epstein, given to First Eastern on August 31, 1979 to secure the indebtedness of French Steak, is secured by a second mortgage on real estate at 666 Meadowland Avenue, Kingston, Pennsylvania, 18704. The mortgage is dated August 31, 1979 and was recorded in the Office of the Recorder of Deeds, Luzerne County, in Book No. 1242, Page 1005 on August 31, 1979.

*The second SBA loan—NO. GP 138 502 3010 PHI*

In late May, 1982, the SBA authorized disbursement of a second loan to French Steak under the terms of a deferred guaranty contract, whereby the SBA guaranteed ninety percent (90%) of the loan balance in the event of default by French Steak. As evidenced by a promissory note in the original principal amount of $56,000.00, First Eastern disbursed this loan to French Steak on or about July 11, 1982. In consideration of this loan to French Steak, First Eastern received the personal guaranties of both Irving Epstein and Ernest Epstein.

*The third SBA loan—NO. GP 175–750 3003 WB*

In late November, 1983, the SBA authorized disbursement of a third loan to French Steak by First Eastern under the terms of the deferred guaranty contract. On or about December 21, 1983, First Eastern disbursed the third loan to French Steak in the amount of $125,000.00.

The note for the third loan was signed by French Steak as well as JEH Realty Corporation and French Brand Distributors, Inc. Furthermore, the $125,000.00 third loan was secured by a mortgage on 1285 Main Street, Swoyersville, Pennsylvania, given by JEH Realty Corporation to First Eastern Bank, N.A.

*The Defaults*

With respect to the first two loans, the SBA honored its Guaranty Agreement with First Eastern and on or about November 7, 1986, the SBA received assignments of the aforementioned notes, guaranties and mortgage as well as other documents pertaining to the first two loans from First Eastern. Consequently, the SBA is the present holder of the above notes, guaranties, mortgage and other instruments representing the indebtedness of the first two loans. Acceleration notices and demands for payment were transmitted by certified mail for the first two loans on September 11, 1990 and December 14, 1990, respectively, because the defendants failed and refused to comply with the provisions of the pertinent promissory notes, guaranty agreements and mortgage, in that they have failed and refused to pay the installments of principal and interest when due.

With respect to the third loan, the SBA honored its Guaranty Agreement with First

Eastern on or about November 12, 1986. However, First Eastern retained servicing of this loan and, when the debtor failed to make regular monthly payments pursuant to the note, First Eastern confessed judgment on the third loan against JEH Realty Corporation in the Court of Common Pleas of Luzerne County, Civil Action No. 2206–L of 1987.

The confessed judgment was obtained in connection with the $125,000.00 third loan only. A praecipe for writ of execution was filed on behalf of First Eastern in Luzerne County in Civil Action No. 2006–L of 1987. The realty situated at 1285 Main Street, Swoyersville, Pennsylvania, was sold based on the writ of execution in civil action no. 2206–L of 1987 in Luzerne County Court of Common Pleas. The realty at 1285 Main Street, Swoyersville, Pennsylvania, was the same property given by JEH Realty Corporation to First Eastern to secure the payment of a third promissory note dated December 21, 1983, in the principal sum of $125,000.00, signed by Irving Epstein on behalf of French Steak, French Brand Distributors, Inc. and JEH Realty Corporation.

## STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact to be resolved. Fed.R.Civ.P. 56. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The entire record must be examined in a light most favorable to the non-moving party. *Continental Insurance v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982). If there is no genuine issue of material fact, summary judgment may be granted to the party entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Since a motion for summary judgment is designed to go beyond the pleadings, factual specificity is required of a party who opposes such a motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986). Accordingly, in order to defeat a properly supported motion for summary judgment, a party may not merely restate the allega-

tions of his complaint. *Farmer v. Carlson*, 685 F.Supp. 1335, 1339 (M.D.Pa.1988). Nor can a party rely on self-serving conclusions, unsupported by specific facts in the record. *Celotex Corp. v. Catrett*, supra, 477 U.S. at 322–23, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273. A non-moving party must point to concrete evidence in the record which supports each essential element of his case. *Id.* If the party fails to provide such evidence, then he is not entitled to a trial and the moving-party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(e).

## DISCUSSION

The complaint filed in this matter only concerns the SBA's desire to foreclose upon the first two loans. The third loan has been considered paid in full by SBA. The defendants contend that since the SBA did not opt to seek a deficiency judgment under the third loan, it cannot pursue collection of the $250,000.00 and $56,000.00 loans in question in the complaint. Given the nature of the defendants' position in this case, the first logical analysis would be to review the Deficiency Judgment Act itself. The Act provides the following:

(a) *General Rule*—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

\*　　\*　　\*　　\*　　\*　　\*

(d) *Action in absence of petition*—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor,

guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by statute after the sale to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S.A. § 8103(a), (d).

The complaint and confession of judgment has a note attached to it for an SBA Guaranty Loan made by First Eastern in the amount of $125,000.00, Loan No. GP 175 750 3003 WB. The civil action number on the complaint, 2206–L, is the same civil action number which appears on the praecipe for writ of execution. There is no mention of the other two guaranty loans made through First Eastern to the defendants for $250,000.00 (Loan No. GP 715 935 100 PHI) or $56,000.00 (Loan No. GP 138 502 3010 PHI). It is the latter two loans which are the subject of the complaint filed in this instant matter. As stated above, the SBA considers the $125,000.00 third loan as paid in full and opted not to seek a Deficiency Judgment under 42 Pa.C.S.A. § 8103, given the comparative value of the real estate in relation to the outstanding loan balance.

The plain language of § 8103 makes it clear that the only judgment discharged is the judgment or debt upon which the execution proceedings are based. In the instant case, the execution proceedings were based on the judgment on the third SBA note for $125,000.00; they did not involve either of the first two notes.

In *D'Orizio v. Girondi*, 51 D. & C. 159 (1944), when confronted with the same is-sue as that presented in the instant matter, the court stated:

We cannot agree that the judgment entered on the bond accompanying the second mortgage lies within the swath of the statutes and must be stricken down. A reading of the Act of 1941 convinces us that its provisions apply only to the judgment or debt by virtue of which the real estate was sold. Throughout the Act, reference is made only to the "judgment" or to the "debt". Nowhere except in the title is the plural "judgments" and "debts" used.

*Id.* at 161. See *Peoples–Pittsburgh Trust Co. v. Thorne*, 52 D. & C. 688 (1944). (no provision is made for the satisfaction of any judgment other than the judgment on which the property has been sold.)

In *Linwood Building–Loan Association v. Hannum*, 35 Del.Co.Rep. 347 (1947), the court noted:

And so, we come to the single question here involved—does a sheriff['s] sale upon a first mortgage, where the property is bought [b]y the mortgagee, who fails to act within six months to have the fair market value of the property fixed, give the mortgagor the right to have satisfied [a] second mortgage, given at the same time as the first mortgage to the same mortgagee by the same mortgagor? The answer to this question must be "no."

*Id.* at 348.

In a more recent case, the Pennsylvania Superior Court, in *First Seneca Bank v. Greenville Distributing Company*, 367 Pa.Super. 558, 533 A.2d 157 (1987), held that

Under the Act, the debt from which anyone obligated to pay the debt can be discharged if a timely and proper deficiency judgment petition is not filed *is the debt on the note accompanying the mortgage.* Although numerous persons may be liable for this debt, there is only one debt.

*Id.* at 572, 533 A.2d at 165 (emphasis added).

Defendants also contend that the three loan obligations constitute one continuous

**232**

transaction, and that all three obligations should be discharged by the SBA's failure to institute deficiency judgment proceedings subsequent to the execution sale of the property which was the subject of the third loan. However, this contention is inconsistent with the aforementioned law regarding deficiency judgments.

The record in this case compels the conclusion that the only judgment discharged by a judgment creditor's decision not to obtain a deficiency judgment under 42 Pa. C.S.A. § 8103 is the judgment or debt upon which execution proceedings are based. In this case, the execution proceedings were based on the judgment on the third loan for $125,000.00. The fact that the SBA voluntarily decided not to seek a deficiency judgment on the $125,000.00 loan should in no way affect the SBA's right to pursue collection on the remaining loans of $250,-000.00 and $56,000.00 respectively.

Accordingly, since no genuine issue of material fact exists and the United States is entitled to judgment in its favor as a matter of law, the motion for summary judgment will be granted.

## ORDER

For the reasons stated in the accompanying memorandum, IT IS ORDERED THAT:

1. The United States of America's motion (record document # 8, filed September 3, 1991) for summary judgment is granted.

2. The Clerk of Court is directed,

a) with respect to Count I of the complaint, to enter judgment in favor of the plaintiff and against all of the defendants in the amount of $336,312.45 plus interest from February 15, 1991, at a daily rate of $64.13.

b) also with respect to Count I, to enter a decree deeming the mortgaged premises, located at 666 Meadowland Avenue, Kingston, Pennsylvania, 18704 and recorded in the Office of the Recorder of Deeds, Luzerne County, in Book No. 1242, Page 1005 on August 31, 1979, sold according to law. The proceeds from the sale of the mortgaged premises shall be applied first to the costs of the sale and then to the debts of the mortgagee relat-

ing to loan No. GP 715 935 1000 PHI. In the event a balance is still due the plaintiff subsequent to the sale of the mortgaged premises, a deficiency judgment in the amount of such balance shall be entered against all of the defendants.

c) with respect to Count II of the complaint, to enter judgment in favor of the plaintiff and against defendants Irving and Ernest Epstein in the amount of $54,626.44 plus interest from February 15, 1991, at a daily rate of $8.47.

3. The Clerk of Court is further directed to close the case file.